**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.:**

NUSPACE, INC., individually and on
behalf of all others similarly situated,

Plaintiffs,

v.

CEMEX CORP., FLORIDA ROCK
INDUSTRIES, INC., HOLCIM (US) INC.,
LAFARGE NORTH AMERICA, INC.,
LEHIGH CEMENT COMPANY,
OLDCASTLE MATERIALS, SUWANNEE
AMERICAN CEMENT LLC, TITAN
AMERICA LLC, and VOTORANTIM
CIMENTOS NORTH AMERICA, INC.,

Defendants.

_____/

**09-23295**

CIV KING

MAGISTRATE JUDGE
BANDSTRA

**JURY TRIAL DEMANDED**

FILED by _____ D.C.
INTAKE

OCT 2 9 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

NuSpace, Inc. ("Plaintiff"), on behalf itself and all others similarly situated in the State of Florida, files this Class Action Petition complaining of the illegal monopolistic and antitrust activities of Defendants, which resulted in damages to Plaintiff and other members of the putative Class, and in support thereof would respectfully state as follows:

### NATURE OF CLAIM

1.      Plaintiff alleges that Defendants conspired to fix prices, allocate markets and territories, and commit other anticompetitive practices with the purpose and effect of unlawfully fixing, raising, maintaining, and/or stabilizing prices of Portland Cement ("Cement") and ready-mix concrete ("Concrete") sold in the state of Florida.

2.      Defendants conduct violates Section 1 of the Sherman Act and Section 4 of the Clayton Act.

3.      As a result of paying non-competitive prices for Cement and Concrete, Plaintiff and the putative Class seek monetary relief including actual and compensatory damages, injunctive relief, and attorney fees.

4.      Plaintiff and the putative Class also seek monetary relief as a result of Defendants' unjust enrichment.

## PARTIES

5.      Plaintiff NuSpace, Inc. is a Florida corporation with its principal place of business in Miami-Dade County, Florida and is otherwise *sui juris*. Plaintiff is a direct purchaser of Cement.

6.      Defendant Cemex Corp. ("Cemex") is a Delaware corporation with its principal place of business in Houston, Texas.  Cemex produces and sells both Cement and Concrete within the United States and in the state of Florida.  Cemex sold Cement and Concrete in the state of Florida during the Class period.

7.      Defendant Florida Rock Industries, Inc. ("FRI") is a New Jersey Corporation with its principal place of business in Jacksonville, Florida.  FRI produces and sells both Cement and Concrete within the United States and in the state of Florida.  FRI sold Cement and Concrete in the state of Florida during the Class period.

8.      Defendant Lafarge North America, Inc. ("LNA") is a Maryland corporation with its headquarters in Virginia.  LNA produces and sells both Cement and Concrete within the United States and in the state of Florida.  LNA sold Cement and Concrete in the state of Florida during the Class period.

9.      Defendant Lehigh Cement Company ("LCC") is a Delaware corporation with its principal place of business in Pennsylvania.  LCC produces and sells both Cement and

Concrete within the United States and in the state of Florida. FRI sold Cement and Concrete in the state of Florida during the Class period

10.    Defendant Oldcastle Materials ("Oldcastle") is a Delaware corporation with its principal place of business in Atlanta, Georgia. Oldcastle produces and sells both Cement and Concrete within the United States and in the state of Florida. Oldcastle sold Cement and Concrete in the state of Florida during the Class period.

11.    Defendant Suwannee American Cement LLC ("SAC") is a Delaware limited liability company with its principal place of business in Branford, Florida. SAC produces and sells Cement within the United States and in the state of Florida. SAC sold Cement in the state of Florida during the Class period

12.    Defendant Titan American LLC ("Titan") is a Delaware limited liability company with its principal place of business in Virginia. Titan produces and sells both Cement and Concrete within the United States and in the state of Florida. FRI sold Cement and Concrete in the state of Florida during the Class period.

13.    Defendant Votorantim Cimentos North America, Inc. ("VCN") is a Delaware corporation with its principal place of business in Toronto, Canada. VCN produces and sells both Cement and Concrete within the United States and in the state of Florida. VCN sold Cement and Concrete in the state of Florida during the Class period.

## JURISDICTION AND VENUE

14.    This Court has jurisdiction pursuant to 15 U.S.C. §§ 15 and 26, and 28 U.S.C. §§ 1331 and 1337.

15.    Venue is proper in this district pursuant to Section 12 of the Clayton Act, 15 U.S.C. § 22, and 28 U.S.C. §§ 1391 (b), (c) and (d) because a substantial part of the events

giving rise to Plaintiffs' claims occurred in this district, a substantial portion of the affected

interstate trade and commerce discussed below has been carried out in this district, and one or

more of the Defendants reside, are licensed to do business in, are doing business in, had agents

in, or are found or transact business in this district.

16.    The activities of Defendants and their co-conspirators were within the flow of,

were intended to, and did have, a substantial effect on the interstate commerce of the United

States.

## CLASS ACTION ALLEGATIONS

17.    Plaintiff brings this action on behalf of itself and, pursuant to Federal Rules of

Civil Procedure 23(a) and 23(b)(3), as the representative of a Class, divided into two Sub-

Classes, defined as follows:

a.    The "Cement Sub-Class" is defined as:

> All persons or entities who purchased Cement directly from one or more of the
> Defendants or their co-conspirators in the State of Florida at any time during the
> period January 1, 2000 to the present. Excluded from the Florida Cement Class
> are Defendants and their subsidiaries, parents, or affiliates, Defendants' co-
> conspirators, whether or not named as a Defendant in this Complaint, and
> government entities.

b.    The "Concrete Sub-Class" is defined as:

> All persons or entities who purchased Concrete directly from one or more of the
> Defendants or their co-conspirators in the State of Florida at any time during the
> period January 1, 2000 to the present. Excluded from the Florida Concrete Class
> are Defendants and their subsidiaries, parents, or affiliates, Defendants' co-
> conspirators, whether or not named as a Defendant in this Complaint, and
> government entities.

18.    Members of the Class are so numerous and geographically dispersed across

Florida that joinder is impracticable. While the exact number of Class members is unknown to

Plaintiff, it is believed to be in the thousands. Furthermore, the Class is readily identifiable from information and records in possession of the Defendants.

19.    Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class were damaged by the same wrongful conduct by the Defendants, *i.e.*, they have paid artificially inflated prices for Cement and/or Concrete as a result of Defendants' anticompetitive and unlawful conduct.

20.    Plaintiff will fairly and adequately protect and represent the interests of the Class. Plaintiff's interests are coincident with, and not antagonistic to, those of the Class.

21.    Plaintiff is represented by counsel experienced and competent in the prosecution of class action antitrust litigation.

22.    Questions of law and fact common to members of the Class predominate over questions, if any, that may affect only individual Class members because Defendants have acted on grounds generally applicable to the entire Class. Such generally applicable conduct is inherent in Defendants' anticompetitive and unlawful conduct.

23.    Questions of law and fact common to the Class include, but are not limited to:

   a.    Whether the Defendants contracted, combined, or conspired to allocate territories and customers to fix, raise, maintain, or stabilize Concret and Cement prices;

   b.    The existence and duration of the contract, combination, or conspiracy alleged herein;

   c.    Whether the contract, combination, or conspiracy caused Cement and Concrete prices to be higher than they would have been in the absence of Defendants' conduct;

d.     Whether Defendants' conduct caused injury to the business or property of

Plaintiff and members of the Class;

e.     Whether Defendants' conduct violates Section 1 of the Sherman Antitrust

Act; and

f.     The appropriate measure of the amount of damages suffered by the Class.

24.    A class is superior to other available methods for the fair and efficient

adjudication of this litigation since individual joinder of all Class members is impractical. The

damages suffered by the individual Class members are relatively small, given the expense and

burden of individual prosecution of the claims asserted in this litigation. Thus, absent the

availability of class action procedures, it would not be feasible for Class members to redress the

wrongs done to them. Even if the Class members could afford individual litigation, the court

system could not. Further, individual litigation presents the potential for inconsistent or

contradictory judgments and would greatly magnify the delay and expense to all parties and the

court system. Therefore, the class action device presents far fewer case management difficulties

and will provide the benefits of unitary adjudication, economy of scale, and comprehensive

supervision in a single court.

## STATEMENT OF FACTS

25.    During the class period, Defendants, who in a competitive market would be

horizontal competitors, have engaged in a conspiracy to raise, fix, maintain, or stabilize Cement

and Concrete prices. As a result of their unlawful conduct, the Defendants do not compete with

one another in the state of Florida, but enjoy customers insulated from competition from the

other Defendants.

26.    The two relevant markets are Concrete and Cement markets in Florida.  Cement is a constituent compound use in construction and building and is an ingredient in Concrete.

27.    Concrete is a compound that, when mixed with water, hardens and forms the basis for significant construction projects throughout the state of Florida.

28.    Defendants agreed to not compete with each other regarding the price of both Concrete and Cement within the state of Florida.

29.    Defendants arranged this through telephonic and in-person meetings.

30.    Defendants would agree as to when and how much a uniform price increase would be and when Defendants would implement the increases.  Price increases would occur at the same time and be in substantially the same amount.  The increases would occur bi-annually.

31.    For example, the Defendants announced a uniform $25 per cubic yard increase in 2008.

32.    In 2009, the Defendants announced a uniform $15 per ton increase in the price of Cement.

33.    Defendants would also charge uniform "extra" surcharges such as for fuel and environmental protection.

34.    Defendants would also assign customers to each other and agree to not solicit each other's customers.

35.    The Defendants would not only artificially increase the prices of Cement and Concrete, but they also agreed to keep other independent concrete producers out of the market as well.  Since cement is used to make concrete, by increasing the price of cement, independent producers of concrete could not compete with Defendants as Defendants would price them out of the market.

36.    Other actions by the Defendants included restricting supply and providing inferior products to competitors.

37.    As a result of the aforesaid scheme:

    a.    price competition for Concrete and Cement has been suppressed, restrained, and/or eliminated;

    b.    the price of Concrete and Cement has been raised, fixed, maintained, and stabilized at artificial and non-competitive levels; and

    c.    purchasers of Concrete and Cement were deprived of free and open competition in the Concrete and Cement markets.

38.    Defendants' wrongful conduct has damaged Plaintiff and the Class in that they paid anticompetitive prices for Concrete and Cement; Plaintiff and the Class paid higher prices than they would have paid in the absence of the illegal conduct. The anticompetitive prices also unjustly enriched Defendants to the detriment of Plaintiff and the Class.

## FRAUDULENT CONCEALMENT

39.    The running of any statute of limitations has been suspended with respect to Plaintiff's and Class members' claims by virtue of doctrine of fraudulent concealment. Defendants' secretive and fraudulent scheme enabled them to successfully conceal the unlawful conduct alleged herein and charge anticompetitive prices for Concrete and Cement products. Plaintiff and Class members' could not have known, nor discovered, Defendants' scheme.

## COUNT I
## VIOLATION OF SECTION 1 OF THE SHERMAN ANTITRUST ACT AND SECTION 4 OF THE CLAYTON ACT

40.    Plaintiff incorporates by reference the allegations above and adopt same as though fully set forth herein.

41.    Defendants entered into and engaged in a contract, combination, or conspiracy in an unreasonable restraint of trade in violation of Section 1 of the Sherman Antitrust Act and Section 4 of the Clayton Act.

42.    The acts done by each of the Defendants as part of, and in furtherance of, the contract, combination, or conspiracy were authorized, ordered, or done by their officers, agents, employees, or representatives while actively engaged in the management of Defendants' affairs.

43.    As a result of the contract, combination, or conspiracy among Defendants alleged herein, the prices charged to Plaintiff and members of the Class for Cement and Concrete were unlawfully raised, fixed, maintained, or stabilized in Florida.

44.    The contract, combination, or conspiracy has had the following effects:

     a.    Prices charged to Plaintiff and members of the Class for Cement and Concrete were raised, fixed, maintained, or stabilized at non-competitive levels;

     b.    Plaintiff and members of the Class have been deprived of the benefits of free, open, and unrestricted competition in the market for Cement and Concrete; and

     c.    Competition in the Cement and Concrete market has been unlawfully restrained, suppressed, or eliminated.

45.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and members of the Class have been damaged by paying supra-competitive prices that they would not have had to pay in the absence of the unlawful conduct of Defendants as alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

A.  The Court determine that this action may be maintained as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, and direct that reasonable notice of this action, as provided by Rule 23(c)(2) of the Federal Rules of Civil Procedure, be given to the Class;

B.  The unlawful contract, combination, or conspiracy alleged herein be adjudicated and decreed to have been in violation of Section 1 of the Sherman Antitrust Act and Section 4 of the Clayton Act;

C.  Judgment be entered for Plaintiffs and the members of the Class against Defendants for three times the amount of damages sustained by Plaintiffs and the members of the Class as allowed by law, together with the costs of this action, including reasonable attorneys' fees;

D.  Defendants be enjoined from continuing the unlawful contract, combination, or conspiracy alleged herein; and

E.  Plaintiff and the Class be granted such other, further, and different relief as the case may require or as the Court may deem just and proper under the circumstances.

## COUNT II
## UNJUST ENRICHMENT

46.  Plaintiff hereby adopts and incorporates by this reference paragraphs 1-39 as if fully set forth herein.

47.   Plaintiff pleads Count II as an alternative to Count I. Should the Court find that Plaintiff has no claim under Count I, then Plaintiff will have no adequate remedy at law and thus, pleads Count II as an alternative to Count I.

48.   Defendants received from Plaintiff and Class Members certain monies as a result of the  above-referenced actions relating to Concrete and Cement which are excessive and unreasonable, and are the result of overcharging and overreaching.

49.   As a result, Plaintiff and the class have conferred a benefit on Defendants, Defendants have knowledge of this benefit, and have voluntarily accepted and retained the benefit conferred on them.

50.   Specifically, each of Defendants benefited from the wrongful scheme, in that it enabled Defendants to sell their Concrete and Cement at higher non-competitive prices.

51.   Defendants' retention of that benefit violates fundamental principles of justice, equity and good conscience.

52.   Defendants will be unjustly enriched if they are allowed to retain such funds, and each class member is entitled to an amount equal to the amount each class member enriched Defendants and for which Defendants have been unjustly enriched.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for an Order and Judgment against Defendants as follows:

A.   Certifying this action pursuant to Fed. R. Civ. 23 as a class action with reasonable notice to be given to members of the Class;

B.   Awarding Plaintiff and the Class damages from Defendants' unjust enrichment;

C.   Permanently enjoining Defendants from continuing to engage in the unlawful conduct described herein;

    D.    Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all claims for which it is entitled to a jury trial.

Dated: October 29, 2009

                                            Respectfully submitted,

                                            Lance A. Harke, P.A.
                                            Florida Bar No.: 863599
                                            lharke@harkeclasby.com
                                            Sarah Clasby Engel, P.A.
                                            Florida Bar No. 991030
                                            sengel@harkeclasby.com
                                            Howard M. Bushman, P.A.
                                            Florida Bar No. 0364230
                                            hbushman@harkeclasby.com
                                            **HARKE & CLASBY LLP**
                                            155 South Miami Ave., Suite 600
                                            Miami, Florida 33130
                                            Telephone:   (305) 536-8220
                                            Telecopier:   (305) 536-8229

                                            Adam M. Moskowitz, Esq.
                                              Florida Bar No. 984280
                                            amm@kttlaw.com
                                            Thomas A. Tucker Ronzetti, Esq.
                                            Florida Bar No. 965723
                                            tr@kttlaw.com
                                            **KOZYAK, TROPIN, &**
                                            **THROCKMORTON, P.A.**
                                            2525 Ponce de Leon, 9th Floor
                                            Coral Gables, Florida 33134
                                            Telephone: (305) 372-1800
                                            Telecopier: (305) 372-3508

*Of Counsel:*

Kevin Landau, Esq.
klandau@tcllaw.com
**TAUS, CEBULASH & LANDAU, LLP**
1515 Broadway, 11th Floor
New York, New York 10036
Telephone: (212) 520-4310

*JS 44 (Rev. 2/08)   **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**

NUSPACE, INC., individually and on behalf of all others similarly situated,

**DEFENDANTS**

CEMEX CORP., et al.

**09-23295**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Harke & Clasby LLP          Telephone: 305-536-8220
155 South Miami Ave., Suite 600   Facsimile: 305-536-8229
Miami, FL 33130

Attorneys (If Known)

CIV-KING
MAGISTRATE JUDGE
BANDSTRA

FILED by ____ D.C.
INTAKE

OCT 29 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

09-CV-23295 - King/Bandstra

**(d)** Check County Where Action Arose: ✓ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  ☐ HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
✓ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☒ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)

✓ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Re-filed (see VI below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**   (See instructions second page):

a) Re-filed Case ☐ YES ✓ NO     b) Related Cases ✓ YES ☐ NO

JUDGE _____          DOCKET NUMBER 09-23187-CIV-ALTONAGA

**VII. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Section 1 of the Sherman Act and Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 1,15 and 26

LENGTH OF TRIAL via ____ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**  ✓ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____     CHECK YES only if demanded in complaint:

JURY DEMAND: ✓ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE
October 29, 2009

FOR OFFICE USE ONLY

AMOUNT $350.00   RECEIPT # 1011096

10/29/09